IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| SONYA ADAMS, *et al.*, | CIVIL NO. 12-00667 BMK |
|---|---|
| Plaintiffs, | (Other Civil Action -FLSA) |
| v. | REPORT AND RECOMMENDATIONS OF SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 AND L.R. 53.3; ORDER |
| CITY AND COUNTY OF HONOLULU, | |
| Defendant. | Trial Date: November 7, 2017 |

## REPORT AND RECOMMENDATIONS OF SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 AND L.R. 53.3

Pursuant to Fed. R. Civ. P. 53 and L.R. 53.3, the Special Master hereby submits the following report and recommendations to the Court:

1.  This a Fair Labor Standards Act (hereinafter "FLSA") case in under 29 U.S.C. § 201, *et seq.* case, initiated by lead plaintiff Sonya Adams (hereafter the "Collective Representative") on December 12, 2012, and, as of June 1, 2017, joined by 317 other named Plaintiffs employed by Defendant City and County of Honolulu ("Defendant") as Emergency Medical Technicians ("EMTs") and Paramedics (hereafter the EMTs and Paramedics are referred to collectively as "Plaintiffs").

2.  The FLSA collective class is defined as all EMT's and Paramedics who worked for Defendant City and County of Honolulu, during the period from December 1, 2009, through the present (the "Claims Period"), who allege they

were not paid overtime wages as required by the FLSA.

3. At the status conference on December 8, 2015, the parties agreed upon and the Court approved a method to advance the case to resolution at trial or determination by motion, mediation or other settlement. The plan was to prepare and present 10 representative bell weather cases (the "Bell Weathers") for the Court's consideration, from which damages for the rest of the collective members could be determined by extrapolation, based on weekly averages for the Bell Weathers, applied to each non-bell weather plaintiff (the "Non-Bell Weathers") for each week they worked during the Claim Period. The Court approved this process and the parties then selected the Bell Weathers by agreement.

4. At the status conference held January 21, 2016, the Court ordered Defendant to provide the time records and payroll record information for the Bell Weathers to Plaintiffs' counsel.

5. Defendant agreed to produce time sheets from December 1, 2009, to the present or their electronic equivalent for the Bell Weathers. Similarly, Defendant agreed to produce payroll records, in the form of the C2HERPS records from February 26, 2010, to present, or their electronic equivalent. Records equivalent to the C2HERPS would be produced documenting regular time, shift premium, FLSA overtime and collective bargaining agreement overtime for December 1, 2009, through February 26, 2010. The time sheets and payroll records

are referred to collectively as the "Payroll Data." Production of Payroll Data for the Bell Weathers was completed in April 2017.

6. Pursuant to Fed. R. Civ. P. 53, L.R. 53.3 and Fed. R. Evid. 706, on August 12, 2016, the parties agreed and the Court appointed David M. Breshears, CPA/CFF of the forensic accounting firm of Hemming Morse, as Special Master and Expert (hereafter the "Special Master") to evaluate the Payroll Data and calculate: (1) the "regular rate of pay" pursuant to 29 U.S.C. § 207(e), for each of the Bell Weathers during the period from February 7, 2010 to October 1, 2016; (2) the amount of asserted FLSA overtime owed for each week for each of the Bell Weathers, if any; (3) the amount of asserted FLSA overtime paid for each week for each of the Bell Weathers, if any; (4) the amount of asserted FLSA overtime unpaid for each week for each of the Bell Weathers, if any; (5) the amount of asserted FLSA overtime paid late for each week for each of the Bell Weathers, if any; and (6) the amount of asserted overtime unpaid for each week for each of the Bell Weathers, if any (collectively the "Unpaid Overtime"). *See* Stipulation to Appointment of Special Master Pursuant to Fed. R. Civ. P. 53, L.R. 53.3 and Court Experts Pursuant to Fed. R. Evid. 706 [Filed 8/12/16] Doc. No. 78 (the "Appointment Order").

7. Pursuant to the Appointment Order, the parties are bound by the Special Master's report and recommendations regarding the Bell Weathers pursuant to Fed. R. Civ. Pro. 53(a)(1)(A). *Id.* ¶ 8.f.

8. The Payroll Data were analyzed pursuant to the Appointment Order and, utilizing the data provided by Defendant:

    a. Pursuant to 29 U.S.C. § 207(e), the "regular rate of pay" was calculated for each of the Bell Weathers during the period from February 7, 2010 to October 1, 2016;

    b. The amount of FLSA overtime owed for each week for each of the Bell Weathers was calculated;

    c. The amount of FLSA overtime paid for each week for each of the Bell Weathers was calculated;

    d. The amount of FLSA overtime unpaid for each week for each of the Bell Weathers was calculated;

    e. The amount of FLSA overtime paid late for each week for each of the Bell Weathers was calculated; and

    f. The amount of overtime unpaid for each week for each of the Bell Weathers was calculated.

Collectively, these calculations are referred to herein as the "Unpaid Overtime."

9. Average Unpaid Overtime for each work week from February 7, 2010 to October 2, 2016, was calculated and applied to each of the weeks worked by each Bell Weather from December 2009 to February 6, 2010 and from October 2, 2016 to June 1, 2016, as well as to each of the weeks worked from December 2009

to June 1, 2016 by each Non-Bell Weather plaintiff who has opted into this action (the "Collective Formula"). The Unpaid Overtime and Collective Formula calculations have been provided to the parties for their analysis and discussions, and to the Court.

10. The Unpaid Overtime and Collective Formula calculations are based on the production of the records and/or data described herein.

11. Based on Defendant's payment of overtime to the Plaintiffs during the Claims Period; identified in the Unpaid Overtime and Collective Formula calculations; reviewed by the parties and the Court in numerous status, discovery and conferences with the Court; and continuing issues related to timely overtime payments, and as discussed between the parties and the Special Master, the following is recommended:

    a. The three-year statute of limitations period pursuant to 29 U.S.C. § 255(a) will be applied to this case (*Haro v. City of L.A.*, 745 F.3d 1249, 1259 (9th Cir. 2014); and

    b. The "good faith" exemption for liquidated damages under 29 U.S.C. § 216(b) will not be applied to this case.

    c. This recommendation that has been agreed upon between the parties is based solely on and limited to the unique facts of this case only and is not intended to be binding nor precedential for any other case and/or claim that may be asserted against the

City.

12. The parties' attorneys reported that:

   a. On or before April 10, 2017, Defendant distributed to Plaintiffs currently employed as EMTs or Paramedics, via e-mail, the opt in notice and consent to participate form attached hereto as Exhibits 1 and 2. All Non-Bell Weather employees who did not receive the initial e-mail distribution were notified and received the forms not later than April 30, 2017.

   b. On or before April 26, 2017, Plaintiffs' attorney distributed to 143 Plaintiffs formerly employed as EMTs or Paramedics, the opt in notice and consent to participate forms, via United States postal mail. Plaintiffs' attorney received 35 returned envelopes identified as "undeliverable" from this mailing. The envelopes returned before June 1, 2017, as undeliverable were re-mailed to more current addresses immediately upon return, except: (a) in four cases where collective representative Sonya Adams had more current contact information and was able to contact the Plaintiffs directly; and, (b) in four cases in which the consent to participate forms were received before the re-mailing. Twenty-six notices then were re-mailed. Of the 26 re-mailed notices

four (4) were returned undeliverable.

c. Of the 436 current and former EMTs and paramedics who potentially had claims for Unpaid Overtime during the Collective Period, 318 signed consent to participate forms which have been received by Plaintiffs' attorney.

13. The period for any employee to consent to opt into this action has closed. The Special Master was notified of the identities of all Plaintiffs consenting to opt in and has completed the Unpaid Overtime and Collective Formula calculations for all Plaintiffs.

14. A Third Amended Complaint has been prepared joining all 318 Plaintiffs and has been presented to the Court by stipulation for approval and subsequent filing. The Third Amended Complaint has been approved for filing and filed. CM/ECF Doc. No. 105.

15. Plaintiffs and Defendant, by their respective counsel, with the assistance of the Court and Special Master, have engaged in intensive discussions regarding this case and the claims and defenses.

16. Based on these discussions, the Special Master herein makes the following recommendations for the payment of Unpaid Overtime and Collective Formula calculations:

a. Defendant is recommended to pay a maximum amount of Eight Hundred Ninety Thousand, Six Hundred Seventy Seven Dollars

($890,677), exclusive of Plaintiffs' attorneys' fees and costs.

        b.      Distribution shall be made to individual Plaintiffs according to the amounts set forth in Exhibit 3 to these Recommendations and Report, filed under seal (the "Payments"). The Payments to each eligible Plaintiff have been calculated based on the Collective Formula calculations as the basis for reaching a *pro rata* amount for each Plaintiff, based on the number of weeks worked during the Claims Period.

17.      Based on the parties' discussions and resolution of their disputes regarding attorneys' fees it is recommended, without objection from the parties, that the following factors should be and have been considered for assessment of reasonable attorneys' fees: (a) the time and labor required to conclude the dispute; (b) the novelty and difficulty of the questions involved; (c) the skill requisite to perform the legal service properly; (d) the preclusion of other employment by the attorneys due to acceptance of a case of this size and duration; (e) the customary contingent fees charged by attorneys in Hawaiʻi; (f) that the fee here is contingent and involved significant risk; (g) time limitations imposed by lengthy delays in discovery which delayed the work of the Special Master; (h) the amount involved and the results obtained; (i) the "undesirability" of the case and the lack of local

attorneys representing plaintiffs in wage-hour cases; (j) the nature and length of the professional relationship with the clients, nearly thirty-four percent (34%) of whom no longer are employed by Defendant; (k) awards in similar cases in Hawaiʻi; and (l) the fact that, after the instant action was filed, Defendant recognized it had not paid Plaintiffs' overtime correctly and made unannounced payments to Plaintiffs on September 13, 2013, and February 28, 2014, for both contract and FLSA overtime. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied sub nom Perkins v. Screen Extras Guild, Inc.*, 425 U.S. 951 (1976).

18. Based on the parties' discussions and resolution of their disputes regarding reasonable attorneys' fees, it is recommended that attorneys' fees in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) and general excise tax on that amount in the amount of Eleven Thousand Seven Hundred-Eighty Dollars ($11,780.00) should be paid to Plaintiffs' attorneys by Defendant.

19. Based on the parties' discussions and resolution of their disputes regarding litigation costs, it is recommended that Plaintiffs' litigation costs in the amount of Four Thousand Dollars ($4,000.00) should be paid to Plaintiffs' attorneys by Defendant.

20. Based on the parties' discussions and inability to resolve their disputes regarding litigation costs, payment of "incentive pay" to the collective class representative, Sonya Adams, if any, it is recommended that the "incentive

pay" shall be determined by the Court upon motion to be filed within 14 days of submission of this Report and Recommendations.

21. Exhibit 3 to these Recommendations, lists each Plaintiff indicating the gross Payment amount that was determined as set forth above, which shall be disbursed by Defendant as follows:

    a. Defendant will issue an IRS Form W-2 for the calculated FLSA overtime wages paid to each Plaintiff; and

    b. Defendant will issue a Form 1099 for the liquidated damages paid to each Plaintiff, in the regular course of Defendant's business.

22. All payments and disbursements to be made pursuant to these Recommendations shall be made not later than August 1, 2017.

23. Pursuant to Fed. R. Civ. P. 53(f)(2), a party may file objections or statement of no objections this Report and Recommendations. The Special Master is advised by the parties that no such objections to these Recommendations will be filed by any party.

24. The Special Master recognizes and notes that Defendant has taken steps to correct, address, and minimize FLSA miscalculations and/or inadvertent/human error and/or oversights in its payroll practices and calculations. While such inadvertent/human error and/or oversights and/or late (or untimely)

input of time by employees may occur from time to time, the Special Master recognizes Defendant has made good faith efforts, including the adoption of an electronic time recording system, to comply with the requirements under the FLSA as a consequence of this litigation.

25. Upon filing of this Report and Recommendations and Order and the filing of Exhibit 3 hereto the Special Master shall be discharged.

26. Upon filing of this Report and Recommendations and Order and the filing under seal of Exhibit 3 hereto and distribution of the Payments , attorneys' fees and costs, it is recommended that the parties file a Stipulation to Dismiss All Claims and All Parties With Prejudice in this case.

DATED: Chicago, Illinois, July 10, 2017.

*/s/ David M. Breshears*  
David M. Breshears  
SPECIAL MASTER

# **ORDER**

The Court having been fully advised in the premises and finding good cause appearing therefor, the foregoing Report and Recommendations are hereby APPROVED AND SO ORDERED:



Barry M. Kurren
United States Magistrate Judge

UNITED STATES MAGISTRATE JUDGE

*Adams, et al. v. City and County of Honolulu,* **CIVIL NO. 12-00667 BMK; REPORT AND RECOMMENDATIONS OF SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53 AND L.R. 53.3 ; ORDER**