IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SONYA ADAMS, et al, | ) | CIV. NO. 12-00667 BMK |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING IN PART |
| | ) | PLAINTIFF'S MOTION FOR |
| vs. | ) | AWARD OF INCENTIVE |
| | ) | PAYMENT |
| CITY AND COUNTY OF | ) | |
| HONOLULU, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR AWARD OF INCENTIVE PAYMENT**

**I.      INTRODUCTION.**

Plaintiff Sonya Adams, an emergency management technician for Defendant City and County of Honolulu, filed this collective class action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, to collect overtime payments. *See* Third Amended Complaint, ECF No. 105. Adams is the lead plaintiff in this case and has been joined by 317 other plaintiffs out of 436 people who potentially had similar FLSA claims. *See* Report and Recommendations of Special Master, ECF No. 106, PageID # 913, 919. Because neither party objected to the Special

Master's Report and Recommendations, the parties are bound by them. *See* Stipulation to Appointment of Special Master, ECF No. 78, PageID # 510.

On July 17, 2017, Adams filed the present Motion for Award of Incentive Payment to Collective Representative, seeking an incentive payment of $17,310.00. *See* ECF No. 107. Although there is no dispute that this court has the discretion to award an incentive payment to Adams, *see* ECF No. 109, PageID # 990, the City and County of Honolulu objects to such an award in this case. This court rules that an incentive award of $10,000 to Adams is appropriate under the circumstances presented here.

**II.      ANALYSIS.**

**A.     An Incentive Award is Appropriate in This Case**.

Incentive awards are discretionary and "fairly typical in class action cases." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). As the City and County of Honolulu concedes, "the United States Court of Appeals for the Ninth Circuit has approved 'incentive awards' to class representatives in class action lawsuits." ECF No. 109, PageID # 990 (citing *Stanton v. Boeing Co.*, 327 F.3d 938, 976-77 (9th Cir., 2003)). In evaluating whether to award incentive payments to named class action plaintiffs, courts examine the actions taken by named class action plaintiffs to protect the interests of the class, the degree to

which the class benefitted from those actions, the amount of time and effort plaintiffs expended in pursuing litigation, and the plaintiffs' reasonable fears of workplace retaliation. *Stanton*, 327 F.3d at 977.

Based on the court's observations and discussions with the parties, it is abundantly clear that Adams spent an enormous amount of time helping her attorney and the arbitrator understand the facts underlying the claims in this case. *See* Decl. of Sonya Adams, ECF No. 107-2, PageID # 950 (estimating that Adams spent more than 1000 hours reviewing payroll records, calculating unpaid overtime, and discussing various facts and issues with her attorney and special master). Moreover, there is no dispute that she played an integral role in getting 317 of the possible 436 people to join in this litigation and settle their claims. Adams, for example, drove to various plaintiffs' homes and workplaces to explain the case, the process, and the settlement proposal. *See id.* (estimating that Adams spent 640 hours meeting with the various plaintiffs). Accordingly, Adams's role in this collective class action was significantly greater than the average class representative. Without Adams's tireless efforts, the settlement of the claims in this case would not have happened to the same extent. Although the record does not establish that Adams feared workplace retaliation, it was clear from their interactions before this judge that Adams had an acrimonious relationship with her

employer and that there was and is the possibility of retaliation.  *See*, *e.g.*, ECF No. 109, PageID # 995 (arguing that any incentive award to Adams would amount to paying her with city funds for personal work and then stating, "The City rightfully terminates employees who 'game the system' by receiving City pay but not performing City services").  Under these circumstances, this court determines that an incentive award is appropriate.

> **B.      The Court Awards Adams an Incentive Award of $10,000.**

Once the court determines that an incentive award is appropriate, the court must determine the amount of the award.  In determining an appropriate incentive award, courts examine the number of plaintiffs receiving the award, the proportion of the incentive award relative to the settlement amount, the size of each payment, the complexity of the litigation, and the number of hours plaintiffs spent with respect to the litigation.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015).

Adams seeks an incentive award of $17,310.00, which represents what she estimates to be 1731 hours worked on this case at $100 per hour, which is what she claims should be the hourly rate of a paralegal.  *See* ECF No. 107-2, PageID # 950.  But Adams is not a paralegal.  That fact is amply demonstrated by the number of hours she spent working on certain matters.  For example, she says

she spent 350 hours reviewing the summary payroll records and 500 hours calculating the unpaid overtime payments for 10 sample plaintiffs. It would appear that a trained paralegal would have been able to make those calculations much quicker. The court therefore declines to grant an incentive award to Adams based on any kind of lodestar method. Nevertheless, the court determines that a $10,000 award is appropriate.

      This modest, single incentive award represents a minuscule amount of the total settlement amount with the 318 plaintiffs. Given the complexity of this case and the hundreds of hours Adams undoubtably spent to help facilitate the settlement and award to each of the plaintiffs, a $10,000 award is reasonable and does not create a conflict of interest with the other plaintiffs who are not receiving the incentive payment. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 947-48 (approving $5,000 incentive award to each of nine class representatives when total settlement amount equaled $27,250,000); *Aguilar v. Wawona Frozen Foods*, 2017 WL 2214936, at *8 (E.D. Cal. May 19, 2017) (approving $7,500 incentive payment to each of two plaintiffs when award was $4.5 million); *Roe v. Frito-Lay, Inc.*, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7, 2017) (approving $5,000 incentive payment to one plaintiff when award was $950,000); *Low v. Trump Univ., LLC*, 2017 WL 1275191, at *16 (S.D. Cal. Mar. 31, 2017)

(approving $15,000 incentive award to each of five plaintiffs who had expended over 100 hours in connection with litigation); *Hawthorne v. Umpqua Bank*, 2015 WL 1927342, at *5 (N.D. Cal. Apr. 28, 2015) (approving $5,000 incentive payment to two each of three plaintiffs when award was $2.9 million); *Ko v. Natura Pet Prod., Inc.*, 2012 WL 3945541, at *15 (N.D. Cal. Sept. 10, 2012) (approving $5,000 incentive award for plaintiff who had expended 50-100 hours in the case).

This court is unpersuaded by the City and County of Hawaii's argument that the award will "impact the morale of the department." *See* ECF No. 109, PageID # 992. Given the number of hours that Adams spent explaining the case and settlement to various plaintiffs, it is hard to see how any of those plaintiffs would begrudge Adams this modest award, even if it exceeds the total awarded to a particular plaintiff.

This court is also unpersuaded by the City and County of Honolulu's argument that an incentive award in this case is inappropriate because the cases in which incentive awards have been approved involved "huge, multi-billion dollar, multistate/multinational, private, for-profit corporations." *Id.* The City and County of Honolulu is not some small, non-profit corporation. To the contrary, the City and County of Honolulu encompasses the entire island of Oahu where nearly

one-million people live. *See* https://www.census.gov/quickfacts/fact/ table/honolulucountyhawaii/PST045216 (estimating Honolulu population as of July 1, 2016, to be 992,605) (last visted August 31, 2017). It has an operating budget of over $2 billion per year. *See* http://www4.honolulu.gov/docushare/ dsweb/Get/Document-186020/DOC%20(2).PDF (last visited August 31, 2017). The City and County of Honolulu is therefore very much like the companies it tries to distinguish itself from.

Finally, the City and County of Honolulu's argument that the incentive payment would essentially amount to improperly paying Adams in violation of its charter is also unavailing. *See* ECF No. 109, PageID # 995 (arguing that an incentive award to Adams would pay her for personal services and would amount to "a direct personal financial interest in the outcome of the case for work performed in her official duties" in violation of section 11-102(c) of the Revised Charter of the City and County of Honolulu). Adams is not being paid with city funds for work done outside her duties for the city. Instead, the court is granting her an incentive award to reward her for work she did on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and to recognize her willingness to essentially act as a private attorney general. *See Rodriguez*, 563 F.3d at 958–59. That the city is ultimately footing the bill is

simply the byproduct of the city being the defendant in a case alleging that it failed to properly calculate and pay overtime.  The incentive award is not a "personal financial interest" in the outcome of this case that amounts to payment for work done outside Adams's official duties.

### III.     CONCLUSION.

The court grants Adams's motion for payment of an incentive award in the amount of $10,000.

Because this order adjudicates the last remaining issue in this case, the parties are ordered to submit a stipulation to dismiss this case no later than September 12, 2017.  This court will retain jurisdiction to enforce the terms of the settlement and this incentive fee award.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, September 5, 2017.



/s/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Adams, et al. v. City and County of Honolulu*, CIV. NO. 12-00667 BMK; ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF INCENTIVE PAYMENT